## Monroe Water Supply Co., Appellant, *v.* Starner.

*Real property—Ejectment—Title by adverse possession—Claim of ownership—Evidence—Boundaries of land—Case for jury.*

1. Where in an action of ejectment it appears that the original possession was under a claim of ownership, the statutory period of limitation commences to run from the date of entry, but where the original entry was not under such claim, the statute runs only from the time when by some unequivocal act there was a severance of privity of title between owner and occupier.

2. Where in an action of ejectment to recover lands to which defendant claimed title by the admitted possession of his predecessor in occupancy, from whom he had a deed, and of himself, for fifty years, which possession was alleged to have been adverse, the case is for the jury and a verdict for the defendant for part of the tract will be sustained where the issue turned upon the question under what claim the first occupant entered, and there was evidence in behalf of defendant that about the time his predecessor in title entered into possession, the owner of the larger tract of which the land in dispute was part declared that he had given the latter to such predecessor and that the land was hers; and that she had continued to occupy and use the land in the same way until shortly before her death, when she deeded it to the defendant.

3. In such a case it is for the jury under the evidence to fix the boundaries within which the defendant and his predecessors had occupied, used, enjoyed and improved the land for the statutory period.

Argued May 7, 1913. Appeal, No. 102, Jan. T., 1911, by plaintiff, from judgment of C. P. Monroe Co., Dec. T.,

1909, No. 8, on verdict for defendant in case of The Monroe Water Supply Company, a corporation, v. Joseph L. Starner. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Ejectment to recover lands in Coolbaugh Township. Before STAPLES, P. J.

It appeared by the evidence that in 1862 Joseph Starner, Sr., and his wife, Polly, had taken up their quarters in a house upon the land in question, part of a larger tract belonging to William E. Dodge; that Polly Starner continued to live on the land until her death; and that shortly before her demise she had deeded the land to her son, the defendant. The plaintiffs claimed title by a deed from Dodge to plaintiffs' predecessors in 1877.

Other facts appear in the opinion of the Supreme Court.

The court charged the jury in part as follows:

"Title acquired by adverse possession must be by a possession for twenty-one years or more, which is open, notorious, continuous, uninterrupted and adverse or hostile to the rights of the owner, and it must be indicated in some way upon the ground, by marks or boundaries. It would not do for a man to go and squat on a big piece of land, that had no fences or boundaries, except the surveyor's boundaries, and claim that he owned the whole piece of land because he lived in the house for twenty-one years; in order for him to acquire possession of a certain piece of land, it must be marked in such a way that its boundaries could be easily ascertained or determined, and it must have the evidences upon the ground of work done or acts done which would lead a jury to the conclusion from all the evidence in the case that the party claiming by right of adverse possession, had, by his acts, and for the period of twenty-one years or over, continuous, open, notorious, uninterrupted and hostile possession of the land.

Does all the evidence in this case, (because you must

take it all, you cannot take just the evidence of the plaintiff, you must take the evidence of the plaintiff and defendant), does the evidence in this case warrant such a conclusion?  There would have to be such a marking of the boundaries, either by natural boundaries or by artificial as would fairly satisfy you, that there was a certain piece of land there, marked out."

Verdict for plaintiff for part of the lands described in the writ, and for defendant as to the remainder.  Plaintiff took a rule for judgment non obstante veredicto for all the lands described in the writ, which was discharged by the court, and judgment was entered on the verdict. Plaintiff appealed.

*Errors assigned* were various instructions to the jury, the refusal of the court to direct a verdict for plaintiff, and to enter judgment for plaintiff non obstante veredicto.

*F. B. Holmes,* with him *A. Mitchell Palmer* and *C. R. Bensinger,* for appellant.

*Ira A. Labar,* with him *Wilton A. Erdman,* for appellee.

OPINION BY MR. JUSTICE STEWART, June 27, 1913:

Admittedly the defendant and those under whom he claimed had been in undisturbed occupancy of at least a portion of the land in dispute, for a period of fifty years before the bringing of this ejectment.  An important question in the case was, under what claim did the first of these occupants enter?  Was it under a claim of ownership, or a claim of permission from the actual owners?  If the former, it was the beginning of an adverse possession which if continued uninterruptedly for the statutory period would ripen into a good title; if the latter, the statute of limitations would begin to run only from the time when by some unequivocal act there was a

severance of privity in title between owner and occupier. Evidence was adduced on behalf of defendant to the effect that about the time Joseph Starner, Sr., and his wife Polly—predecessors of the defendant in title—entered into possession, William E. Dodge, the owner of a much larger tract of which the land in dispute was a part, declared that he had given the latter to the wife, Polly Starner, and that the land was hers. The learned trial judge very properly held that this evidence was insufficient to establish a valid parol gift of the land. Nevertheless it had, if believed, a twofold significance. Considering the time and circumstances under which it was made, if made, it afforded sufficient basis for an inference that the original entry was under the gift, however insufficient in law the gift was; or, a finding that the continued occupancy thereafter was in itself an unqualified assertion of a right to the land hostile and adverse to the holder of the legal title. If the holder of the legal title had given Polly Starner to understand that the land was hers by gift, even though she had originally entered simply by permission, from that time forward her holding would necessarily be, not in subordination to the title of the legal owner, but by virtue of a claim of superior right acquired from such owner, and the equivalent of an actual ouster. So, as the case was submitted to the jury, assuming that the declaration by the legal owner of gift to Polly Starner were proven to the satisfaction of the jury, a finding that the original entry was hostile would have been warranted by the evidence; and so too a finding that the continued occupancy after such declaration of gift was a distinct severance of privity as to title. We think it evident from the instructions of the court that it was the latter view that prevailed. That is, however, of no consequence, since either would have been sufficient. Assuming that it was the latter, then, with the assertion by the holder of the legal title that he had made a gift of the land to the occupant, began an adverse possession by the occupant; we say adverse be-

cause thereafter the holder of the legal title would have had no reason to suppose that the land was being held for him. The evidence shows that down to the date of her death in 1909, Polly Starner continued to occupy and use the land in just the same way as she was occupying and using it when the declaration was made by the owner of the legal title that he had given it to her. With an adverse holding begun when the ineffectual gift was made, presumptively the continued holding without interruption thereafter was adverse. This presumption would yield, of course, to evidence of acts or admission on the part of the occupant showing that the adverse holding had been interrupted or abandoned, but this would be a question of fact for the jury. We find nothing in the evidence to indicate that at Polly Starner's death the situation with respect to title had changed in the slightest. Clearly the question of title by adverse possession was for the jury, and the assignments of error relating to its submission are overruled.

As to the extent of the premises claimed by the defendant, the jury were very carefully instructed as to the nature and character of occupancy which availed to constitute an adverse holding. We not only find no exception to the law as stated by the court on this branch of the case, but, independent of this, we find nothing open to exception. The instructions were in entire accord with the law as repeated in very many of our cases. It was for the jury under the evidence in the case to fix the boundaries within which the defendant and his predecessors had occupied, used, enjoyed and improved the land for the statutory period. This they did.

We discover no error in this record. The assignments are overruled, and the judgment is accordingly affirmed.